Louis C. Elfelt, et. al. v. George Smith.

------

LOUIS C. ELFELT, ET. AL. Plaintiffs in Error, *vs.* GEORGE SMITH, Defendant in Error.

Opinions of witnesses as to the value of services, are incompetent evidence.

The Plaintiff's recovery is limited by the amount demanded in his complaint.   A case brought into the District Court by Appeal from the judgment of a Justice of the Peace, must be tried upon the pleadings below, unless they are amended by leave of the District Court ; and if a jury assess the damages at a sum greater than laid in the complaint, judgment cannot be rendered thereon without a remittitur of the excess.

The case, or bill of exceptions in the case, is not attainable,

and the facts cannot be stated further than they appear from the opinion of the Court..

RICE, HOLLINSHEAD & BECKER, for Plaintiffs in Error.

AMES & VAN ETTEN, for Defendant in Error.

*By the Court.*—CHATFIELD, J.   The first point made by the Plaintiffs in Error need not be considered, as the others are conclusive.

The evidence admitted by the District Court to prove the value of the services of the Plaintiff below, for which the action was brought, was manifestly incompetent.   It was merely naked opinion, without knowledge, and that is never competent evidence.

The value of services upon a *quantum meruit* stands, in regard to the proof, upon the same principle as the value of chattels upon a *quantum valebant.*   The value of chattels in such a case is always regulated by the usual or market value of such chattels, of like quality, at the time and place of sale; and before a witness can, in such a case, be permitted to testify to such value, it must appear by his own or other competent evidence that he knows with reasonable certainty what such usual or market value is.   He then testifies to the value as a fact, and not as a mere matter of opinion.   So in regard to services: it must appear that the witness knows the usual value of, or rate of compensation paid for such or the like services at the time when, and place where, they were rendered, before he can be properly permitted to testify what such value or rate is.   He then testifies to such value or rate as a fact, and not as an opinion.   A market value of property, or usual rate of compensation for services, proved to a jury, furnishes a legal rule and guide to their judgment; but a mere opinion, without knowledge, though sworn to before a jury, communicates no information to them better than their own.   The opinions of the jurors themselves upon the same subject, would be just as good, and perhaps better, without such testimony than with it.   *Lamoure vs. Caryl,* 4 *Denio's R.* 370; *Fish vs. Dodge, ib.* 311; *Norman vs. Wells,* 17 *Wend. R.* 136, 271.

It is a universal rule, that the Plaintiff in a suit at law is

limited in his recovery to the amount claimed by him in his declaration. The Defendant in Error contends that the rule is not universal, and that upon the trial in the District Court of a case brought there by Appeal from a Justice's Court, where the jurisdiction, and consequently the *ad damnum* of the declaration, is limited to one hundred dollars, the jury may properly find a verdict for a greater sum, and that a judgment perfected for the whole amount of such verdict would be good. This position. is not maintainable. Such a case forms no exception to the rule. A case brought into the District Court by Appeal from a judgment in a Justice's Court is as much controlled by the material substances of the pleadings as one originally commenced there. The case upon Appeal must be tried upon the pleadings brought up from the Justice's Court, unless amended by leave of the District Court. If the verdict in such a case assess the damages of the Plaintiff at a sum greater than the amount laid in the declaration, a judgment cannot be rendered thereon without a *remittitur* of the excess. Such was the verdict in this case, and judgment was rendered thereon for the full amount of it. It is erroneous, and must be reversed, and a *venire de novo* awarded. *Fish vs. Dodge*, 4 *Denio's R*. 311.