## COMFORT BARNES

### *vs.*

## HIRAM S. HOLTON et al.

A justice's court being a court of special and limited jurisdiction, in an action before such court the record must show facts which confer upon it jurisdiction, both of the person and cause of action.

Neither the nature of the action, nor the justice's jurisdiction thereof, can be shown by the judgment rendered therein.

A statement in the transcript of a justice's docket that judgment was rendered in favor of the plaintiff, "for the sum of thirty-one dollars and five cents debt, balance due on lot sold by plaintiff to defendants in September, 1867," does not tend to show that the action was brought for that sum, or upon a liability of that nature.

The defendants in this case appeal from a judgment of
the District Court for Scott county, affirming a judgment of
a justice's court of said county against them. The case is
fully stated in the opinion of the court.

JOHN H. BROWN for Appellant.

*By the Court.*—McMILLAN, J.—This is an action insti-
tuted before a Justice of the Peace. The defendants having
failed to appear before the justice, a judgment was rendered
for the plaintiff. The defendants appealed to the district
court, where the judgment of the justice was affirmed, al-
though the plaintiff did not appear in that court. The de-
fendants appealed to this court. The return was duly filed
and the cause placed upon the calendar; the plaintiff failed
to appear or argue the cause in this court, and the defend-
ants submitted the cause upon printed points and authori-
ties. The return of the justice on the appeal to the district
court, as appears in the original record in this court to
which we have referred, purports to be a complete return
of the proceedings before him, and contains the summons in
the action, the return of service by the officer, a transcript
of the justice's docket, the notice and affidavit of appeal by
defendants, and the appeal bond. The only evidence we
have of the nature of the action before the justice is derived
from the transcript in his return, which shows that at the
proper time "the plaintiff appeared in court ready for trial,
defendants failed to appear, plaintiff made his complaint
orally and verified the same under oath, and Comfort
Barnes was sworn as a witness and gave evidence in the
case, and after hearing the proofs and allegations in the
case the court gave judgment in favor of the plaintiff and
against the defendants for the sum of thirty-one dollars and

Barnes v. Holton et al.

five cents debt, balance due on a lot sold by plaintiff to defendants in September, 1867, and the costs of this action, taxed, " &c.

A justice's court, being a court of special and limited jurisdiction, in an action before such court the record must show facts which confer upon it jurisdiction, both of the person and the cause of action. There is nothing whatever in this case to show that the justice before whom the case was tried had jurisdiction of the action.

The statute provides that the justice in actions before him shall enter in his docket among other things, " a brief statement of the nature of the plaintiff's demand and the amount claimed," &c.   *Gen. Stat.*, *Ch.* 65, *Sec.* 7, *p.* 422.

That was not done in this instance, nor is there anything which shows the nature of the plaintiff's demand in the action, or the amount of it; for all that appears, it may have been an action of ejectment or a money demand, and may have been for one dollar or ten thousand dollars. The statement in the transcript, that judgment was rendered " for the sum of thirty-one dollars and five cents debt, balance due on lot sold by plaintiff to defendants in September, 1867," does not tend to show that the action was brought for that sum, or upon a liability of that nature. The justice may have rendered this judgment in an action of which he had no jurisdiction. Neither the nature of the action, nor the justice's jurisdiction thereof, can be shown by the judgment rendered therein.

The judgment of the district court, affirming the justice's judgment was erroneous.

As this determines the case, it is unnecessary for us to consider whether the defendants were entitled to a reversal of the justice's judgment, on account of the failure of the plaintiff to appear and prosecute his action in the district court.

The defendants do not claim a reversal of the judgment on account of the failure of the plaintiff to appear and argue the case in this court; therefore we need not consider it.

Judgment reversed.