# Patrick H. Rahilly

*vs.*

# James Lane et al.

Under *Gen. Stat.*, *ch.* 65, *sec.* 18, the docket of the justice before whom the action is pending, in which an affidavit is made for the transfer of the case to another justice of the same or an adjoining election district, must, to give jurisdiction to another justice, show that such transfer was ordered, and to that justice.

If it does not, a recital, in the docket of another justice of an adjoining election district, that such case was brought before him by change of venue from the former, will not supply the omission.

Nor will the appearance of the parties before such justice, and their consent to a continuance, give him jurisdiction to hear and determine the case; and a judgment rendered by him therein is void. Upon an appeal taken therefrom on questions of law and fact, under *Gen. Stat.*, *ch.* 65, *sec.* 157, the action was rightly dismissed by the district court.

*Gen. Stat.*, *ch.* 65, *sec.* 104, does not require an affidavit for appeal to be sworn to before the justice from whom the appeal is claimed. Such affidavit and the notice of appeal are not fatally defective, because they do not state correctly the date of the judgment appealed from.

Notice of appeal endorsed "personal service of the within is hereby admitted this 23d day of December, 1867, B. & S. attorneys for plaintiffs. *Held*, sufficient proof of service under *Gen. Stat.*, *ch.* 65, *sec.* 104, and the presumption is that it was made on the day of its date.

The justice's return on appeal, certified; "costs paid and appeal allowed." *Held*, that it appeared therefrom, that the fee allowed for the return under *Gen. Stat.*, *ch.* 65, *sec.* 117, had been paid to him.

The jurat to an affidavit, being part of it, does not require a separate venue. It is not ground of dismissal that the justice did not attach the papers in the case to his transcript, or otherwise identify them as the papers in the case, or return them all into the district court, which has power to require the justice by an amended return, to supply such omissions.

This action was commenced before a justice of the peace in Wabasha county, and removed to another justice, who rendered judgment for the plaintiff; defendants appealed to the district court for that county. The district court on motion of defendants, dismissed the action; plaintiff appeals from the order of dismissal to this court. The case, so far as the questions raised by the appeal are concerned, is fully stated in the opinion of the court.

BROWN & STOCKER, and PHELPS & TABER for Appellant.

WILDER & WILLISTON for Respondents.

*By the Court.*—RIPLEY, CH. J.—This action was commenced before Sterry, a justice of the peace in Lake City, Wabasha county, on the 27th July, 1867. After the issue joined, and sundry adjournments had, affidavit was made on behalf of the plaintiff, Nov. 15, 1867, conformably to *Gen. Stat. chap.* 65, *sec.* 18, to obtain a transfer of the action to another justice; whereupon the following, which is the last entry in the case, was made in the justice's docket: "Nov. 15, 1867, 9 o'clock A. M., case called and parties appeared. Upon an affidavit made by H. D. Stocker for change of venue, a change of venue was granted."

The docket of S. N. Gilbert, a justice of the adjoining election precinct of Mount Pleasant, contains the following entries relative to the case: [Title of the Cause.] "Justice court, Wabasha county, commenced before Clinton N. Sterry, Esq., justice of the peace of Lake City, Wabasha county. Brought before me by order for change of venue. The papers in the above entitled action were delivered to me on the 15th day of November, 1867. Transcript from Justice Sterry on file and in my office, together with affidavit of change of venue. After receiving papers in the

Rahilly v. Lane et al.

case, the case was continued by consent of attorneys of the respective parties until December 14, A. D. 1867. Dec. 14, 1867, at 2 o'clock in the afternoon, at my office in Mt. Pleasant, case called. Plaintiff appeared in person and by his attorney. Defendants did not appear. Patrick H. Rahilly, the plaintiff, was sworn, and testified in his own behalf. After hearing the proofs offered by the plaintiff, the cause was held open until the 16th day of Dec. 1867, at 3 o'clock in the afternoon. I rendered judgment in favor of the plaintiff Patrick H. Rahilly, and against the defendants, James Lane, John Mecco and Jane Wills, for 100 dollars.

| | |
|---|---|
| Damages, | $100. |
| And for costs, | 27.62 |
| Total damages and costs, | $127.62 |

S. N. GILBERT,

Justice of the Peace."

Dec. 16, 1867.

Defendants appealed to district court. At June term, 1868, of said court, plaintiff moved to dismiss the appeal, and defendants moved to dismiss the action. The court granted the latter motion, and directed the following entry : "Nov. 24, 1868. Motion to dismiss action allowed, on the ground that the justice rendering judgment, had no jurisdiction in the case." From this order the plaintiff appeals. We think the district court was right.

Upon the affidavit, the justice, Sterry, was required, (provided his costs were first paid) to transfer the action, and all papers appertaining to the same, to some other justice of the same, or an adjoining election district, who might thereupon proceed to hear and determine the same in the same manner as Sterry might have done. *Gen. Stat. chap.* 65, *sec.* 18.

The transfer gives the jurisdiction. If Gilbert acquired any, it is because Sterry transferred the action to him. If he did, it must be shown by the record. *Barnes vs. Holton,* 14 *Minn.* 357 ; and the transfer being an act to be done by Sterry, which the statute requires him to enter in his docket, (*Gen. Stat. chap.* 65, *sec.* 7, *sub.* 11) must be proved by it, if at all. But his docket contains no entry of any such transfer.

The affidavit ends with a prayer *"that the cause be transferred to another justice."* As the docket entry describes it as " an affidavit for change of venue," we are certainly authorized to consider the record, as showing that the justice granted plaintiff's application, that the cause be transferred to another justice. But this did not end this duty, if his costs were paid. In that event, he must go farther, and transfer the action to some particular justice of those from among whom the law gives him the right, and makes it his duty to choose.

Not only is there nothing of record to show that he did this, but it not appearing that his costs were paid, there is nothing to show that it ever became his duty to do it.

It is true, that justice Gilbert's docket recites that the case was brought before him by order for change of venue, but it is obvious that he could not give himself jurisdiction by a recital of what had been done in another court, and if he could, the recital goes no farther than Sterry's entry, of which it copies the wording.

It is said that the entry of continuance by " *consent of attorneys of respective parties,*" removes the objection. Suppose this to imply an appearance by the defendants before the justice—" *a full appearance without objection,*" as plaintiff contends that it does, but which we do not determine, it would not give jurisdiction. Appearing and

going to trial will not give jurisdiction where there is none by law. 8 *Johns.* 409. Even the agreement of the parties cannot confer it. *Cowen's Treatise, p.* 40.

This is not the case of waiver of objection by appearance to irregular or void process, as in the authorities cited by plaintiff. By consent, in such cases, the justice may obtain that jurisdiction of the defendant's person, which otherwise, by reason of the defective process, he would not have had; for the statute expressly authorizes parties to confer jurisdiction upon the justice by a voluntary appearance without process. *Ibid. Gen. Stat. ch.* 65, *sec.* 8. But this is not an action to be thus instituted. It is an action already commenced and pending, of which the justice cannot otherwise become possessed, than through the proceedings specified in the statute.

The proceedings of justice Sterry, or rather his failure to proceed further in the action, worked a discontinuance; and the judgment rendered by Gilbert, was of course, void. The defendants appealed upon questions of law and fact; plaintiff insists that such an appeal waives objections to jurisdiction. The statute then in force, however, is expressly to the contrary. *Gen. Stat. ch.* 65, *sec.* 157.

Upon the filing of the justice's return on an appeal, the district court becomes possessed of the action, in which it is to proceed as far as may be, as in actions originally commenced therein, except as specified in the section above cited. If an action of which the district court had no jurisdiction were commenced in it, it could only dismiss it; therefore, when an action of which the justice had no power to take cognizance, is brought up to the district court by an appeal which does not waive the objection to jurisdiction, it can render no other judgment.

The plaintiff, however, contends that the defendants' pro-

ceedings in respect to the appeal were so defective that no appeal was in fact taken. A consideration of the particulars in which the proceedings are said to be thus defective, does not lead to that conclusion. His first objection is, that the supposed appeal papers, though on file in the district court, are not attached to the transcript, or otherwise identified as the appeal papers in the case. Whether they are so attached, or not, does not appear by the return. Those which the plaintiff has brought here, are certified by the clerk of the district court to be true copies of the originals in this action, and appear by their contents to belong to it. If the alleged defect exists, however, it is in the return, which the district court can compel him to amend. *Chap.* 65, *Sec.* 111.

The affidavit for appeal is said to have no venue; but as it is entitled in the state of Minnesota, and county of Wabasha, this must refer, not to the affidavit, but the jurat, which, however being part of the affidavit, does not require a separate venue. The plaintiff is also mistaken in the supposition that *Gen. Stat., Chap.* 65, *Sec.* 104, requires the affidavit to be sworn to before the justice who tried the case. As to its contents, it appears to be sufficient in substance. It states that whereas the defendants are dissatisfied with the judgment, and desire to appeal from it, that the appeal is made in good faith, and not for delay; which is a direct statement of what the law requires. The recital, is of reasons going to show (in affiant's opinion) why the appeal is *bona fide*, and is surplusage. Nor is the affidavit fatally defective because it refers to the judgment as rendered December 14th, whereas it was in fact rendered on the 16th. It refers to the judgment rendered in the action by the justice. The details, including the date of the judgment, are needless. So the notice of appeal specifies the ground of appeal, and this is all that the law requires. *Chap.* 65,

*Sec.* 104, *Sub.* 3. The error of date in the description of the judgment does not invalidate the notice—for the statute does not require any description of the judgment, or any statement of what is appealed from. The matters objected to are mere surplusage.

The notice of appeal is thus endorsed: "Notice of appeal. Personal service of the within is hereby admitted this 23d day of December, A. D. 1867. Brown & Stocker, attorneys for plaintiff."

To this the plaintiff objects, 1st, that the transcript does not show that it was there when the notice was filed, and that there is no evidence when it was placed there. The presumption is, however, that the plaintiff's attorneys made the endorsement on the day it bears date, there being no possible reason why they should make a different statement, and the return shows that the notice was filed the next day. An amended return, however, would have removed any uncertainty, if any exists, on those points. The admission is sufficient proof of service. The statute requires the notice to be served either by delivering a copy to the person to be served, which is personal service, or by leaving it at his residence. The parties to be served admit in writing that they have been personally served.

Plaintiff further objects that no bond was ever made or filed. The transcript of the justice shows that a bond *was* filed. The return in this court does not contain any, but if this is owing to the fact that the justice did not send it up, neither that, nor the want of a bond, is ground for dismissal of the appeal. *Ch.* 65, 109, 112. The district court has full power to correct and supply such omissions.

The plaintiff is mistaken in his supposition that it does not appear from the record that the two dollars fee to the justice for his return was paid by defendants, as required by the *Gen. Stat., Ch.* 65, *Sec.* 117.

Rahilly v. Lane et al.

The words of the statute are: "No appeal shall be allowed by any justice until the appellant pays all costs which have accrued in the justice's court, including his fees for the return." The justice certifies, "costs paid, and appeal allowed, Dec. 24, 1867." The statute treats said fee as part of said costs; therefore, a certificate that the costs were paid must necessarily include it, especially as it is not to be presumed that the justice would violate the law and allow the appeal, that part of the costs remaining unpaid. The appellant relies on *Grigg vs. Larson*, 10 *Minn.* 220. The language of the statute then in force is different, viz: "shall pay all costs which have accrued in the justice's court, and one dollar for the return of the justice," under which, this certificate cannot be construed to be a statement that the fee had been paid. The change of language is material and significant.

Finally, plaintiff asserts, that in point of fact, the fee was not paid. If such were the fact, he should have moved for an amended return upon proper affidavits. It appears from the record that it was.

Order affirmed.