## Frederick Hecklin

### vs.

## Frank X. Ess.

Upon filing the affidavit and bond required by *Gen. Stat.*, *Ch.* 65, *Secs.* 81, 82, 83, putting therein the value of the property at not over $100, a justice of the peace acquires jurisdiction to issue a writ of replevin. Upon the return of the writ in this action, plaintiff filed his complaint, in which he alleged the property in controversy to be of the value of $100. *Held*, an averment that it was worth that specific sum, and to be admitted by a denial in the answer, of "each and every allegation in the plaintiff's complaint; that on these pleadings, the justice retained jurisdiction to render judgment; and that on an appeal to the district court, proof that the property was worth more than $100, could have no effect on such jurisdiction.

Part only of the property in controversy was taken on the writ. The jury in the district court found that plaintiff was entitled to the possession of the property in controversy, and assessed its value at $156.50; that taken, at $80.50, the rest at $76. *Held*, that the finding as to the value of the whole, and of that part taken on the writ, was unnecessary and unwarranted, and to be disregarded as surplusage; (*Gen. Stat.*, *Ch.* 66, *Sec.* 221;) and that a judgment on the verdict, that plaintiff recover possession of the whole property, or in default thereof, the said sum of $156.50, was erroneous, and must be modified, in conformity to *Gen. Stat.*, *Ch.* 66, *Sec.* 249, so as to authorize the recovery of that part not obtained, or in default thereof, its assessed value aforesaid.

Appeal by defendant from a judgment of the district court for Carver county. So much of the pleadings, evidence and proceedings in the action as are necessary to a full understanding of the case, are stated in the opinion.

John H. Brown, for Appellant

H. J. Peck, for Respondent.

*By the Court*,—RIPLEY, Ch. J.—Action of replevin com-
menced in justice court. The complaint alleged the property
in controversy to be of the value of one hundred dollars, which
allegation is admitted by the form of so much of the answer
as relates to it, *i. e.*, by a denial of "each and every allegation
in the plaintiff's complaint mentioned and set forth."
*Lynd vs. Picket et al.*, 7 *Minn.*, 184 ; 9 *Minn.*, 190. Upon
a jury trial on the right of possession, a verdict was re-
turned for the plaintiff, and judgment was entered thereon,
from which defendant appealed to the district court. The
appeal was taken upon questions both of law and fact.
Upon a jury trial in the district court, the plaintiff being
called as a witness, testified that the value of all the prop-
erty described in the complaint was $123, and that the value
of what was taken upon the writ was about eighty dollars,
which was all the evidence offered by him as to value.

Defendant thereupon moved for a non-suit, on the ground
that the justice had no jurisdiction of the subject of the ac-
tion, which motion was overruled.

The jury found for the plaintiff, that he was entitled to
the possession of the property mentioned in the complaint
and taken on the writ, and assessed its value at $156.50 ;
that taken at $80.50 ; the rest at $76.

Defendant moved in arrest of judgment and for a return
of the property for the alleged reason that the court below
had no jurisdiction of the subject of the action, which motion
was denied, and judgment entered on the verdict, from
which defendant appeals to this court.

A justice has jurisdiction in replevin, if the value of the
property in controversy does not exceed one hundred dol-
lars. *Gen. Stat.*, ch. 65, sec. 5, sub. 2.

The defendant contends that jurisdiction must be made to
appear affirmatively by the complaint, by an allegation that

the value of the property *does not exceed* one hundred dollars ; that this nowhere appears in the complaint, which says that it is of the value of $100, not that its value does not exceed $100.

But the complaint is not the basis of the proceedings. The pleadings are made up on the return of the writ. Before the writ can issue, plaintiff must file the affidavit and bond specified in secs. 81, 82, 83 of the same chapter. The affidavit must state the value of the property according to the best knowledge and belief of the affiant. "That it did not exceed $100," evidently, would not answer this requirement. A specific value must be stated.

If, therefore, the principles of law require, to confer jurisdiction, that it "should appear affirmatively that it does not exceed $100," we must conclude that the legislature thought, that stating it to be, in the best knowledge and belief of the affiant, of a given value, ($100 or any less sum,) was an affirmation that it did not exceed $100   For, upon the filing of the affidavit and bond, the justice is *required* to issue the writ, *sec.* 84.   If he *must* do it, it must be within his jurisdiction to do it.   The law intends that the justice acquires jurisdiction upon the filing of such affidavit and bond.

In the present case, the transcript from the justice's docket shows that an affidavit and bond were duly filed, but neither is set out in the return. As the appellant has not seen fit to bring it up, we are to presume that the affidavit was in due form, and that the value specified therein did not exceed $100.

Having acquired jurisdiction, the justice must necessarily retain it, till something appears to oust him of it. The defendant might have pleaded, in bar to the jurisdiction, and proved, if it were so, the fact that the property was worth

Hecklin v. Ess.

over $100. But he made no issue on the value. The justice, therefore, retained jurisdiction to enter judgment.

And the value was no more in issue in the district court than in the justice's court, and it is, therefore, too plain for argument, that proof in the district court on that point could have no effect on the justice's jurisdiction, if he had acquired any. Nor do we understand the defendant to say so. His argument is, that nothing had yet occurred whereby the justice had acquired jurisdiction, and that of the district court being merely appellate, it should have dismissed the action on proof that its subject matter was beyond the justice's jurisdiction: a view of the case which, as we have seen, rests upon.the assumption (incorrect, in our opinion,) that it is the complaint which must give jurisdiction.

As to the verdict and judgment, the law provides that when the property has not been delivered to the plaintiff and the jury find that he is entitled to its possession, the jury shall assess its value; but that, whenever the verdict is in favor of the party having possession of the property, the value thereof shall not be found; and that when the prevailing party is in possession of the property, its value shall not be included in the judgment. The finding of the jury, therefore, as to the value of all the property, and of that part taken on the writ, was unnecessary and unwarranted. It may, however, be disregarded as surplusage. If plaintiff had not obtained possession of any of the property, the question would come up whether any evidence tending to show that it was worth more than $100, would be admissible, the averment that it was of the value of $100, which, we think, is.an allegation that it is worth.that specific sum being admitted by the answer. But under the statute, the jury were to find the value of so much of the property only, as had not then been delivered to the plaintiff. This the ad-

mission aforesaid would have no tendency to prove. The judgment is also manifestly erroneous. It was entered by the appellant under the rule of the district court, the respondent having failed to enter judgment within the time limited, and is, that plaintiff recover possession of the property described in the complaint, or, in default thereof, the assessed value thereof, viz., $156.50. It should have been that plaintiff recover possession of that part not obtained, or its assessed value in default thereof. The case is remanded that judgment be so modified.