NEIL McGINTY

*vs.*

ANSON WARNER.

Under *Gen. Stat. ch. 65, sec. 18*, jurisdiction is conferred by the order for transfer of the justice before whom the action is commenced, made upon affidavit therefor, and entered in his docket, and it is not necessary that such affidavit should be set out in the docket either verbatim or in substance.

All informalities, and inaccuracies of expression in the entries in justice's docket will be disregarded, if the meaning is ascertainable and is conformable to law.

The following entry in the docket of the justice before whom this case was commenced—*held* sufficient as an order for transfer: "Defendant made affidavit that he could not safely proceed to trial before the undersigned and asked for a change of venue. The court granted the change and sent the cause before P. Bliss, Esq. of the city of Owatonna at 1 P. M."

The affidavit, when filed, is a part of the record within the meaning of the rule that, in actions in justice's courts, the record must show facts which confer upon it jurisdiction both of the person and cause of action.

VOL. XVII.—5

McGinty v. Warner.

All the papers in said case, except said affidavit, were received by Bliss, together with a transcript of said docket, attached to a certificate of the justice, "that these are all of the papers in the cause of Neil McGinty vs. Anson Warner, and a true copy of my docket." Said affidavit, for some unexplained reason did not reach said Bliss. *Held*, that this presented a case not of want of jurisdiction in Bliss to hear and determine the case, but of diminution of the record. The transfer having been made at defendant's request, as against him it is to be presumed that said affidavit was sufficient until the contrary is shown.

It was error in dismissing the action for want of jurisdiction, to give judgment for costs against plaintiff, though he appeared generally.

This action was removed from a justice court to the district court for Steele county, upon questions of both law and fact, and was dismissed by the district court on motion of the defendant (who appeared specially,) for want of jurisdiction.

The plaintiff appeals from the order of dismissal.

The case is fully stated in the opinion.

WHEELOCK & COGGSWELL, for Appellant.

WEBB & HARWOOD, for Respondent.

*By the Court.*—RIPLEY CH. J.—Beers, city justice of Owatonna, before whom this action was pending, on defendant's motion and affidavit, transferred it under *Gen. Stat.*, *vh.* 65, *sec.* 18, to Bliss, a justice of the peace of Owatonna, before whom plaintiff appeared generally, and defendant specially, and moved that the action be dismissed, because " the certificate of justice Beers is insufficient to confer jurisdiction." The said certificate attached to the transcript of Beers' docket received by Bliss, to which the papers in the action were annexed, except the affidavit which for some unexplained reason failed to reach him, was as follows : " I certify that these are all of the

papers in the cause of Neil McGinty vs. Anson Warner, and a true copy of my docket." That part of the transcript relative to the transfer is as follows: "Defendant made affidavit that he could not safely proceed to trial before the undersigned, and asked for a change of venue. The court granted the change, and sent the cause before P. Bliss, Esq., of the city of Owatonna, at 1 p. m."

Upon the prescribed affidavit, and payment of his costs, the justice is to "transfer said action, and all papers appertaining thereto, to another justice, who may thereupon proceed to hear and determine the cause," &c.   Gen. Stat. ch. 65, sec. 18.

Jurisdiction is conferred by the order for transfer of the justice before whom the action is pending, made upon affidavit therefor, pursuant to the statute, and entered in his docket. Rahilly vs. Lane, 15 Minn. 447.

The docket entries above quoted, though not couched in technical language, amount we think to such an order.

All informalities and inaccuracies of expressions in such records, which are made up by persons not learned in the law, and from whom technical correctness is not to be expected, will be disregarded. It is sufficient if the meaning is ascertainable, and that it is conformable to law.

It is not necessary that the affidavit should be set out in the docket either verbatim or in substance.

The defendant cites and relies on the statement in Barnes vs. Holton, 14 Minn. 357, that in an action before a justice court, the record must show facts which confer upon it jurisdiction, both of the person and cause of action ; but the affidavit, when filed, is as much a part of the record, in the sense in which that language is applicable to this case, as the docket itself, or as the written pleadings would be, and the defendant would scarcely contend that these were not such.

As the case stood before Bliss, the affidavit not appearing

nor its absence accounted for, it presented a case not of want of jurisdiction but of diminution of the record.

If, in such a case, it had appeared affirmatively from the transcript, that the transfer had been made upon grounds for which the law does not authorize a transfer, such transcript, upon a motion to dismiss by the party *against whose wishes* the transfer had been ordered, might be *prima facie* evidence that such order had been improvidently made, and did not confer jurisdiction.

But this is not that case. One ground of transfer is an affidavit that the justice, before whom the action is pending, is a material witness for the party seeking the transfer, without whose testimony he can not safely proceed to trial. The above quotation from Beers' docket as to the affidavit is entirely consistent with its having been such an one as above mentioned. If this transfer had been made at plaintiff's instance, defendant would not, nevertheless, have been entitled to a dismissal of the action, until, the record having been supplied by proper proceedings had thereto, it had thereupon appeared that the affidavit was insufficient. *A fortiori*, the transfer having been made at his request, it does not lie in his mouth to say that there is a want of jurisdiction, because, in the absence of his own affidavit, the transcript does not show affirmatively that it was sufficient. As against him, at all events, it is to be presumed that it was, until, by its production or in some other competent manner, he proves the contrary.

The justice erred also in giving judgment for costs against the plaintiff.

If he had not obtained jurisdiction of the action, all he could do would be to dismiss it. That plaintiff appeared generally makes no difference.

Consent, whether shown by an appearance or otherwise, will not confer jurisdiction in these cases. *Rahilly vs. Lane, supra.*

Upon this record, however, it appears that Bliss had juris-

diction to hear and determine the case in the same manner as Beers might have done, and the appeal being upon questions of law and fact, the district court, instead of dismissing the action, should have tried it in the same manner as if originally commenced there. *Laws of* 1868, *ch.* 93, *sec.* 2, *p.* 135.

Order reversed.