Barber v. Kennedy.

JOHN BARBER

*vs.*

C. W. KENNEDY.

Upon a trial of this action before a justice of the peace, the plaintiff recovered judgment, and the defendant appealed to the district court, where, upon a trial before a referee, the plaintiff again had judgment. The defendant appealed to this court, and here raised the objection, for the first time, that the justice had not jurisdiction of the action, because the justice before whom the action was commenced, and from whom the defendant took a change of venue, did not transfer the cause to the justice by whom it was tried by an order entered in his docket and specifying such justice as the one to whom he so transferred such cause. The appeal to

Barber v. Kennedy.

the district court was taken upon questions of law and fact, and after the passage of the law of 1868, ch. 93. *Held*, that such an appeal does not waive an objection to the jurisdiction of the justice. *Held*, also, that such an objection taken for the first time in this court, after the party has had the benefit of two trials upon the merits, is not entitled to favor, but that the rule that error must be shown affirmatively will be strictly applied.    That if the defendant would take advantage of the alleged omission of such justice, he must show by the record that he did so omit.    That he does not do this by a paper therein contained appearing to be a copy of entries made in such justice's docket, but not certified to be a transcript of his docket, or shown to have been written or signed by him, nor by proof of a recital in the docket of the justice who tried the cause, of the receipt by him of a transcript from said justice and of the contents of such transcript, which recital does not include any such order for transfer of said cause to the justice who tried it; the law not making it the duty of a justice to copy such documents into his docket· All other objections based upon what said paper does or does not contain are also untenable.

The law makes it the duty of the justice to return the summons in the cause into the district court.    But the fact, that in this case, the return to this court contains no copy of a summons, raises no presumption that none was issued, because the certificate of the clerk of the district court to said return is merely that the papers therein are true copies of the originals on file in his office.

An omission by a justice to file the pleadings in the cause, as required by law, is a mere irregularity, not affecting jurisdiction.

The statute does not require the return of a justice to show of what county he was justice.

Gen. Stat. ch. 65, sec. 5, that a justice shall have jurisdiction in actions arising on contract for the recovery of money only, if the sum claimed does not exceed $100, does not contravene the provision of the constitution that no justice shall have jurisdiction in any civil action in which the amount in controversy exceeds $100.

Within this provision of the constitution, the sum claimed in the complaint, and for which plaintiff demands judgment, is the amount in controversy.

A defendant cannot oust a justice of his jurisdiction by putting in a counter-claim, which, together with plaintiff's claim, or by itself, exceeds $100.

The minutes taken by the justice of the testimony before him, are

no part of his return to the district court. Nor is a certificate by the referee of the proceedings in the trial before him, no case being settled, or bill of exceptions made, a part of the return to this court.

This is an appeal taken by the defendant from a judgment of the district court for Wabasha county. The case is fully stated in the opinion of the court.

BROWN & STOCKER, for Appellant.

SCOTT & HAHN, for Respondent.

*By the Court.*—RIPLEY, CH. J.—This action was commenced before Seeley, a justice of the peace for Wabasha county. The return in this court sets forth an affidavit by defendant, that from prejudice and bias he believes that Seeley will not decide impartially in the matter, and praying for a transfer of the cause to another justice. The return also contains a copy of a paper in the words and figures following, viz :

" Before F. W. Seeley. Justice of the Peace—

John Barber

 against

C. W. Kennedy.

Summons issued and placed in the hands of deputy sheriff Anson Piero, returnable November 17th, 1868, at one o'clock P. M. Returned, served personally October 20th, 1868. Sheriff's fee (60 cents.) November 17th, 1868, one o'clock P. M., case called. Scott & Hahn appeared for plaintiff, and Brown & Stocker for defendant. Complaint filed and case adjourned by consent of parties until December 22d, 1868, at one o'clock P. M., with leave for plaintiff to file reply within one week from this date, November 23d, 1868. Reply of plaintiff

sworn to and filed December 22d, 1868 ; one o'clock P. M. case called, parties appearing.    Defendant filed an affidavit for change of venue ; change of venue granted.

Justice's costs paid 90 cents."

On the margin are the following words :

" F. W. Seeley, Justice of the Peace."

The return also contains a copy of a duly certified transcript of the entries in the docket of B. C. Baldwin, a justice of the peace for said county, among which are the following, after the title of the cause: "Brought before this court by change of venue from F. W. Seeley, Esq., justice of the peace. Papers filed in this case received from F. W. Seeley, justice, with transcript of docket, viz.:" giving the substance of the paper herein above copied ; but the discrepancies between the two show that it was not the intention of the justice to make a copy of the former.    The case was tried before Baldwin and judgment rendered for plaintiff for $60.15, damages and costs.    Defendant appealed to the district court upon questions of law and fact.    By order of the court and consent of the parties, it was here referred, the referee to take the testimony and report a judgment, which was reported for plaintiff in the sum of $94.66, and costs, and judgment entered on the report.    Defendant appealed therefrom to this court, and here, for the first time, objects that justice Baldwin had no jurisdiction of the parties, or the subject matter of the action, because neither at the time of the pretended change of venue, nor at any other time, did justice Seeley designate or specify to what justice he would or did transfer the action.    Such an objection taken for the first time in this court, after the defendant has had the benefit of two trials upon the merits, is not entitled to favor.    The rule that error must be shown affirmatively on the record will be strictly applied.    The de-

fendant relies upon Lane vs. Rahilly, et al., 15 Minn. 447, hold-ing that the transfer gives the jurisdiction, and must be proved by the docket, if at all, which has been followed in McGinty vs. Warner, 17 Minn. 41. Nor is such an objection waived by the taking of an appeal upon questions of law and fact. The statute governing Rahilly vs. Lane et al., provided, that, upon filing the return, the district court should become possessed of the action, and proceed in the same manner, as near as may be, as in actions originally commenced in that court, except that upon an appeal upon questions of law alone, the action shall be tried in the district court, upon the return of the justice.

Upon an appeal taken upon questions of fact alone, the ac-tion shall be tried in the same manner as actions originally com-menced in the district court. Upon an appeal upon questions of both law and fact, the action shall be tried in the same manner as if originally commenced in the district court, pro-vided that no questions of law shall be tried or raised in the district court, except those raised in the court below, and to which an exception was taken by order of the justice, except objections to the jurisdiction of the court, and that the com-plaint or answer does not state facts sufficient to constitute a cause of action or defense. *General Statutes, ch.* 65, *secs.* 106, 107.

These provisions relate to proceedings at the trial, and not to the taking of the appeal. *Bingham vs. Stewart,* 14 *Minn.* 214. Were it not for the proviso, appeals upon fact, and upon law and fact, would have stood upon precisely the same foot-ing in respect to the questions of law that could be raised at the trial; that is to say, as both classes of appeals would, but for such proviso, have been triable in the same manner as ac-tions originally commenced in the district court, all questions of law might have been raised at the trial that could have

Barber v. Kennedy.

been raised if the action had been so commenced. Of these questions, as the proviso itself necessarily implies, an objection to the jurisdiction of the court would have been one, and one which could have been taken at any stage of the cause, and by either party.

The proviso was repealed by the laws of 1868, chapter 93. This action was commenced in October, 1868. The district court then was to proceed in this action as if it had been originally commenced therein. If an action of which it had no jurisdiction was commenced in it, it could only dismiss it (*Rahilly vs. Lane et al.*, 15 *Minn.* 451.) This appeal did not waive the objection to the jurisdiction; it could, therefore, have legally rendered no other judgment. We have not been able to find any decisions in other states similar to our own that touch this point.

It is observable, however, that an appeal upon fact, or law and fact, since the statute of 1868, corresponds exactly, with one exception, to an appeal under the Compiled Statutes. Upon filing the return, the district court under those statutes shall become possessed of the cause, and shall proceed therein, as near as may be, as in actions originally commenced in that court, except that the issue before the justice shall be tried before the court above, without other or further new declaration or pleading, except in such cases as shall be otherwise directed by the court. *Compiled Statutes, ch.* 59, *secs.* 139, 140.

It was never supposed that under this statute it could not be objected in the district court that the justice never had had jurisdiction.

The Revised Statutes of Massachusetts provided that upon appeals from justices of the peace to the court of common pleas, the case shall be entered there and finally determined in that court in like manner as if it had originally been commenced there. *Revised Statutes, ch.* 85, *sec.* 131.

In Elded vs. Dwight Man. Co., 4 Gray, 201, it is held, that an objection to the want of jurisdiction of the justice is not waived by an omission to take it there; that it may be first made in the court of common pleas, and that the court thereupon should dismiss the action. This is in point here. There is no difference in principle between an appeal which is to be entered, tried and finally determined as if it had been originally commenced in the appellate court, and one which such court is to proceed in, as near as may be, and try the action as if it had been originally commenced there, and neither appeal waives objections to the jurisdiction of the justice.

But if the defendant would take advantage of the alleged omission of justice Seeley to make and enter in his docket an order for the transfer of the case to justice Baldwin, (McGinty vs. Warner, *supra*) he must show by the record that Justice Seeley did omit to do so.

But of what justice Seeley's docket does or does not contain, there is no evidence whatever upon this return. The return contains no transcript of his docket. The paper signed in the margin thereof, " F. W. Seeley, Justice of the Peace," was not (so far as the return discloses) certified by him, or in any manner, to be a transcript of his docket, and whether it was even written or signed by him does not appear, nor is the recital in the docket of justice Baldwin any better evidence. No such statement could prove that the paper aforesaid was the transcript of Seeley's docket which Baldwin received from him, because in the first place, said recital is not a copy of the paper, and in the second place, if it were, no such recital would be evidence of that, or of what justice Seeley's docket contained, the General Statutes (ch. 65, sec. 7) not making it the duty of justice Baldwin to copy such documents into his docket.

This case, then, stands, so far as any competent evidence of

Barber v. Kennedy.

justice Seeley's docket is concerned, precisely as if the record were a blank on that subject.

The case of Hecklin vs. Ess, 16 Minn. 51, is therefore in point. It is there held that a justice acquires jurisdiction in replevin upon the filing of the required affidavit and bond. In that case the transcript from the justice's docket showed that an affidavit and bond were duly filed, but neither were set out in the return to this court, and this court held, that as the appellant had not seen fit to bring it up, we were to presume that the affidavit was in due form, and that the value therein specified did not exceed one hundred dollars.

If it be said that as a matter of fact the court can have no doubt but that the paper referred to is a true copy of all the entries in Seeley's docket, the answer is that what the court thinks about it is not the question, but what does the record prove. To a technical objection like that raised by the defendant, a technical answer is sufficient.

The defendant makes sundry other objections for the first time in this court. The first is, that justice Seeley's return shows that the summons was made returnable thirty-two days from the time it issued, October 16th, to the return day, November 17th, and that there is nothing in the record or return showing the facts to be otherwise. As we have not justice Seeley's return before us, this objection falls with the preceding one.

The return contains a stipulation in the case, dated October 26th, for a continuance till November 17th, said continuance to be without prejudice to the rights of either party.

The stipulation is thus headed: "John Barber vs. C. W. Kennedy, summons in above returnable October 28th, 1868." The defendant does not contend that this recital is proof that the summons was then returnable, and it certainly is not. But he says that such was undoubtedly the fact, that if so,

the justice lost jurisdiction, because the cause was in pursuance of that stipulation continued by justice Seeley more than one week without any pleadings made or filed.

To this it is enough to reply, that the objection rests upon a pure assumption as to the time to which the summons was made returnable.

The next objection is, that the justice's return contains no summons, and in the absence of any summons with the record, it will be presumed there was none.

It was justice Baldwin's duty to return the summons, if there was one, with all the other papers in the district court. *Gen. Stat. ch.* 65, *sec.* 106.

His return certifies that "The foregoing is a true transcript of all the entries made in my docket, together with all the process and other papers relating to the action." Whether he returned the summons or not, the return in this court does not disclose, for the certificate of the clerk of the district court thereto is simply that he has compared the copies of the papers therein contained, with the originals on file in his office, and that the same are true and correct copies of such originals.

Here again, therefore, the rule applies that defendant must show error affirmatively on the record. His objection is based on the assumption that no summons has been returned to the district court. For aught that appears the summons may be on file there.

It is also objected, that the complaint and answer were not filed by justice Seeley as required by law.

This, if it so appeared, would be a mere irregularity not affecting jurisdiction, but the defendant has not furnished us with the evidence of what Seeley did in the premises.

It is also objected, that the returns of Seeley and Baldwin do not show of what county they were justices. Baldwin's

return is the only one before us, and the statute does not require it to show that fact. (*Ch.* 65, *sec.* 106.)

We are now to consider an objection to the jurisdiction of the justice which was taken before Baldwin, and overruled, viz.: that the justice had no jurisdiction of the action, because it appeared from the complaint that the amount in controversy exceeded one hundred dollars exclusive of costs.

The action is brought to recover the balance of an open, mutual and current account between the parties. The complaint alleges, that on the 11th day of February, 1866, there was a balance due this plaintiff from the defendant, upon the account aforesaid, of ninety-eight and 15-100 dollars; that no part of said balance has been paid, but that the said defendant is now, and ever since the 11th day of February, 1866, has been indebted to the plaintiff in the said sum of ninety-eight and 15-100 dollars, with interest thereon; that though payment thereof has been demanded, the defendant has refused and still does refuse to pay the same or any part thereof. Wherefore the plaintiff demands judgment against the defendant for the sum of one hundred dollars, besides the costs and disbursements of this action. Interest from February 11th, 1866, to the date of the complaint, added to $98.15, amount to $117.13.

The constitution provides that no justice shall have jurisdiction in any civil action where the amount in controversy is over one hundred dollars. The defendant contends, that though no answer had been put in, the justice would have had no jurisdiction. But he adds, the defendant answered, controverting the allegation of the complaint, and setting up a counter-claim to amount of two hundred and thirty-one dollars, and plaintiff's reply controverted that, whereby there was put in issue several hundred dollars, and he asks, if parties

can litigate hundreds, why not thousands of dollars before the justice ?

The statute [*Gen. St. ch.* 65, *sec.* 5,] provides that a justice shall have jurisdiction in actions arising on contract for the recovery of money only, if the sum claimed does not exceed one hundred dollars.

The defendant says, and correctly, of course, that if the phrase "the sum claimed" has any broader meaning than "amount in controversy," as the latter phrase is used in the constitution, the statute is void, as controverting the former.

A controversy is a dispute arising between two or more persons. *Bouv. Law Dict., vol.* 1, *p.* 309.

The question raised by the defendant has, therefore, been passed upon and settled by the supreme court of the United States. The judiciary act provides, that the circuit courts of the United States shall have original cognizance of all suits of a civil nature at law, or in equity, when the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars.

Under this section, the amount laid in the declaration is the sum in controversy. *Green vs. Liter,* 8 *Cranch,* 229 ; *Gordon vs. Linguist,* 16 *Peters,* 97.

"The damages claimed in the writ and declaration were unquestionably the sum in controversy. This is not an open question. It has been often decided that if the plaintiff shall recover less than five hundred dollars it cannot affect the jurisdiction of the court, a greater sum being claimed in his writ." Per McLean in Gordon vs. Linguist, *supra.* So too it is said in a later case arising under the 12th section of said act, in which the declaration filed demanded damages in the sum of one thousand dollars; "That was the amount then in dispute between the parties. The words 'matter in dispute,' * * * do not refer to disputes in the country, or the intentions or expecta-

tions of the parties concerning them, but to the claim presented on the record to the legal consideration of the court. What the plaintiff thus claims, is the matter in dispute, though that claim may be incapable of proof, or only in part well founded, * * *. and the same construction has been put upon the 11th and 22d sections of the judiciary act, which makes the jurisdiction of this court and the circuit court dependent on the amount or value of the 'matter in dispute.' The settled rule is, that until some further judicial proceedings have taken place, showing upon the record that the sum demanded is not the matter in dispute, that sum is the matter in dispute in an action for damages." *Kanouse vs. Martin,* 15 *Howard,* 198, *and cases cited.*

The territorial legislature used language in the same sense.

The organic act provides, that a justice should not have jurisdiction of any matter in controversy when the titles or boundaries of land may be in dispute, or where the debt or sum claimed shall exceed one hundred dollars. (*Organic Act, Sec. 9.*) The territorial law provided, that a justice should have jurisdiction of actions arising on contract for the recovery of money only, if the sum claimed does not exceed one hundred dollars, and that the district court shall have original jurisdiction in civil actions when the sum in controversy shall exceed one hundred dollars, and in all civil actions in which a justice of the peace has not jurisdiction, whatever may be the amount in controversy. (*Public Statutes, ch.* 59, *sec.* 5; *ch.* 57, *sec.* 1.) " It is quite evident that the intention of the statutes is to give jurisdiction of all matters involving one hundred dollars, or less, to justices of the peace exclusively, and all matter exceeding that amount to the district court exclusively." *Castner et al. vs. Chandler et al.,* 2 *Minn.* 86–88.

That is to say, the words " sum claimed," and " amount in controversy," mean the same thing in this statute.

The fair presumption is, that the framers of the constitution used the language quoted above therefrom, with reference to the construction which the supreme court of the United States had put upon it; that is, upon language identical in meaning therewith. It is also fairly to be inferred from the fact that the provision of the territorial justice's act, aforesaid, still remains unchanged, that the state legislature has so understood the language of the constitution; and so this court seems to have understood it in the case of Agin vs. Heyward, 6 Minn. 110, in saying that, the fact that the legislature have given jurisdiction to justices of the peace to the full extent authorized by the constitution, does not oust the district court of its jurisdiction.

That the defendant cannot by putting in a counter-claim, which together with plaintiff's claim, or by itself exceeds one hundred dollars, oust a justice of his jurisdiction, is evident from the statute, which provides that an answer may contain a counter-claim upon which an action could be brought before the justice. (*Gen. St. ch.* 65 *sec.* 25.) No such question arises here, however, for no objection was made by the plaintiff to the defendant's setting up his counter-claim.

The defendant, however, further contends that the prayer or demand for judgment in justice's court has no significance whatever; and in fact, and in law, a prayer is surplus matter, and of no force whatever in justice's court. The statutory provisions upon which he relies have never been changed since they were first enacted in 1851. See *Revised Statutes, ch.* 69, *art.* 4, *sec.* 24, *et seq.*, along with that we have been considering, together with that providing that a justice may have jurisdiction of an action for damages to the person, if the damages claimed do not exceed one hundred dollars, under which it is held that the mere claim of more than one hundred dollars ousts the justice of jurisdiction. (*Turner et al., vs.*

*Holleran*, 8 *Minn.* 451.)    It is impossible, therefore, to suppose that the legislature looked upon the demand for judgment as a nullity.    The point, however, made by the defendant has been passed upon by the supreme court of the territory.

It was held in 1854, that a plaintiff in a justice's court is limited in his recovery to the amount claimed by him in his declaration; that even upon an appeal to the district court, if the verdict assess the damages at a greater sum than one hundred dollars, a judgment cannot be rendered without a *remittitur* of the excess, unless the *ad damnum* had previously been amended by leave of the court.

The case is as much controlled by the material substance of the pleadings, as if commenced there originally.   *Elfelt vs. Smith,* 1 *Minn.* 125.

The objection, that under this construction of the constitution and statutes parties may litigate claims amounting to thousands of dollars, assumes that the claim the plaintiff sets out, and upon which he bases his demand for judgment, is the amount in controversy, an assumption which the decisions referred to dispose of.

By the laws of Massachusetts justices of the peace have jurisdiction in civil actions wherever the debt or damages demanded do not exceed the sum of one hundred dollars.

The plaintiff declared in justice's court on an account for one hundred and twenty-three dollars, for goods sold, and laid the *ad damnum* at one hundred dollars.    Judgment was given for plaintiff for one hundred dollars, and appealed.    In the court above the parties agreed that one hundred and twenty-three dollars was the sum actually due, and submitted the case upon that, and the pleadings and judgment below.    The court gave judgment for plaintiff for one hundred dollars, which was all he claimed.

Upon appeal, it was contended, as the defendant contends

here, that the " debt or damages" intended by the statute, is the actual amount of the debt or contract upon which the plaintiff seeks to recover, not the amount of the *ad damnum,* or the sum he is willing to take in payment. But the court held that the amount of plaintiff's claim was to be ascertained by the *ad damnum.* The plaintiff cannot recover beyond his *ad damnum,* and the judgment cannot exceed it, yet it would be a bar to the whole claim. " The court are of opinion that if the plaintiff chose to waive the surplus of his claim, *which was perhaps more than he could have proved,* he might do so, and bring his action in justice's court." *Hapgood vs. Toherty,* 8 *Allen,* 373.

So where a justice has jurisdiction, if the sum claimed did not exceed one hundred dollars, and the plaintiff delivered no written declaration, but stated to the justice that he claimed a certain book account, and also for a settlement of four notes received by defendant to collect for him, amounting in all to over one hundred dollars, and laid his damages at twenty-five dollars, it was held, that though the nominal amount of the notes was beyond the jurisdiction, yet plaintiff claimed only twenty-five dollars, and he might relinquish all beyond that sum, which he must be presumed to have done by demanding only twenty-five dollars. *Bowditch vs. Salsbury,* 9 *J. R.* 366. We are, therefore, of the opinion that the phrase " the sum claimed," in our statute refers to the sum for which plaintiff claims judgment, and that the amount in controversy under the constitution is, in the first instance, determined thereby. The counter-claim, as we have seen, was not objected to, and, moreover, the defendant therein claimed judgment for but one hundred dollars, and as the plaintiff recovered less than one hundred dollars, no question arises in this case beyond that raised by the objection taken before the justice as aforesaid.

The defendant upon taxation of costs before the justice

Barber v. Kennedy.

objected to any witness fees being allowed aside from three witnesses specified, " the other witnesses being all to one fact already sworn to by two of said three," which was overruled and exception taken.

The justice's minutes of the testimony were no part of his return upon this appeal, although he in fact returned them into the district court. They are no part of the record there. If, therefore, they had been returned into this court, we could not have looked into them to see if the defendant's objections were well founded.

In any case, the defendant's proposal that we should test them by an examination of what is alleged to be a copy of said minutes, and annexed to his brief, is wholly inadmissible.

The referee filed with his report a certificate of proceedings before him on the 10th of March, 1870, whereby it appears that defendant objected to the jurisdiction, and to having plaintiff sworn on his own behalf, and asked for a dismissal of the action upon the ground already considered, all which were overruled and exception taken.

The certificate is no part of the return, and is, therefore, improperly here.

There is no case or bill of exceptions. The proceedings before the referee are, therefore, not in question.

Judgment appealed from affirmed.