## SAMUEL V. BURT *vs.* EZRA BAILEY.

### April 2, 1875.

**Justice's Court—Presumption that oral Complaint was verified.**—When the record of the proceedings, in an action in a justice's court, is silent as to the verification of a complaint in such action, it will be presumed that it was verified.

**Same—Unverified Complaint—Waiver of Objection.**—When an unverified complaint is put in without objection, and defendant thereupon, without answering, procures an adjournment for over a week, at which time both parties

appear, an amended verified complaint is made and filed without objection, and defendant then procures a transfer of the cause to another justice, and subsequently obtains another adjournment, and a *venire* for a jury, he is precluded from afterwards objecting to the jurisdiction of the court, on account of the original defective complaint and the irregular adjournment.

Appeal by plaintiff from a judgment of the district court for Sibley county, *Chatfield*, J, presiding, affirming a judgment of dismissal rendered by a justice of the peace.

*L. M. Brown, J. C. Edson* and *S. Kipp*, for appellant.
*Baxter & Child*, for respondent.

CORNELL, J.   This action was commenced by the service and return of a summons issued in the usual form by F. J. Lynde, Esq., a justice of the peace of Sibley county, and returnable January 5, 1874, etc.   In subsequently transferring the cause to another justice, on January 15, 1874, said Lynde made a transcript of the proceedings had before him, to which he appended his official certificate, "that the foregoing is a true copy of the proceedings had in the cause therein entitled, before me, and that herein inclosed are all the papers appertaining to said cause, which are numbered from one to seven inclusive."   The following are extracts from such transcript of proceedings: "January 5, 1874, parties appeared and joined issue.  Plaintiff complained orally upon a promissory note, and delivered the same to the court, and stated that there was due him $21.05 thereon, which he claimed to recover of defendant.  Defendant thereupon made and filed an affidavit, demanding change of venue.  *   *  Plaintiff objected to change of venue;  *   * objection sustained by the court, whereupon defendant asked for an adjournment for ten days to procure witnesses, and an affidavit being made upon oath by defendant, an adjournment was granted until January 15, 1874, at 10 o'clock in the forenoon, at my office.   January 15, 1874, parties appeared.   Samuel V. Burt, the plaintiff in this action, put in an amendment to complaint, whereupon defendant demanded a change of venue, upon affidavit made and filed as aforesaid,  *   *  and paid all his costs, amounting to $6.08 ; whereupon I transferred the said action, and all papers ap-

pertaining to the same, to James Jenks, Esq." etc.  On the same day of the transfer, January 15, such transcript and papers being filed with said Justice Jenks, both parties appeared, and defendant asked and obtained an adjournment, against plaintiff's objection, until January 22, 1874, and also a *venire* issued for a jury.  At the adjourned day the parties again appeared, when defendant moved for a dismissal of the case, " on the ground that the court had no jurisdiction to try the case, because the justice before whom it was commenced, granted an adjournment for ten days, before the pleadings were made."  The motion was granted, and the justice rendered judgment against the plaintiff for $19.58, costs.  This judgment, being affirmed by the district court, is now here for review on appeal.  .

The respondent, in this court, rests the judgment for its support upon the following propositions.  That a justice's docket must show facts conferring jurisdiction, citing *Barnes v. Holton*, 14 Minn. 357 ; that to enable a justice to retain jurisdiction, the pleadings must be verified, and inasmuch as it does not appear by the docket entry, in this case, that the oral complaint, first made, was verified, the justice lost jurisdiction by the adjournment of the case beyond a week, even though requested by the defendant.  The district court, in sustaining the judgment, places its decision upon the same grounds.

In the case of *Barnes* v. *Holton*, the docket entry simply stated that " the plaintiff made his complaint orally, and verified the same under oath," but disclosed nothing whatever in regard to the nature of the plaintiff's demand, or its amount.  The court very properly decided that there was not a compliance with the statute requiring the docket entry to contain " a brief statement of the nature of the plaintiff's demand, and the amount thereof;" and as the record did not disclose any cause of action of which a justice was by law authorized to take cognizance, it was fatally defective.  In the case at bar, the entry shows that the action was upon a promissory note, and that the amount due thereon to

plaintiff was $21.05, a cause of action clearly within the jurisdictional limits of justices' courts.

The point that the docket must show affirmatively that the complaint was verified, has been expressly decided by this court, adversely to respondent, in the case of *Tyrrell* v. *Jones*, 18 Minn. 312. As the copy of the proceedings made and certified by the justice, did not, as appears by his certificate of transfer, purport to contain all the proceedings had before him, and as it did not appear that defendant had ever made any objection either to the oral or verified amended complaint, but it appearing affirmatively that defendant had, in fact, procured the adjournment to which he now objects, and, after the transfer, another adjournment, and a *venire,* before making his motion, the justice should have presumed the verification of the oral pleading, and denied the motion.

But assuming that the original complaint was not verified, and that the same, by reason thereof, was a nullity, so that the adjournment for more than a week effected a discontinuance of the action, yet, in view of the subsequent proceedings taken before the motion to dismiss, we are of the opinion that the justice erred in granting the motion. In *Taylor* v. *Bissell*, 1 Minn. 225, the complaint was not verified at all, and the answer was imperfectly verified. Upon this state of pleadings, the parties went to trial without objection, and this was held to be a waiver of the irregularity, so far as the parties were concerned, and a consent by the justice's court to entertain jurisdiction, and try the case upon such defective pleadings, the same as though properly verified. In the language of the opinion in that case, "the consent or waiver of the parties gave vitality to the pleadings, and jurisdiction to the court." The principle of that decision must govern the case at bar. The defendant voluntarily appeared, after the irregular adjournment procured at his instance, acquiesced in the putting in of a verified amended complaint, and obtained a transfer of the cause to another justice. Then, with the plaintiff, he appeared before the justice to whom the cause had been transferred,

and without raising any question as to the right of the magistrate to entertain jurisdiction, applied for another adjournment, which was granted in opposition to plaintiff's objection, and also for a *venire* for a jury, which was issued. After this, it was too late for the justice, either on his own motion, or upon the request of the defendant, to raise the jurisdictional question, and dismiss the action.

The judgment of the justice, and the judgment of the district court affirming the same, must be reversed.