Amos B. Coe and another *vs.* Edward K. Ware.

May 1, 1889.

Real-Estate Agent — Liability 'for Representations to Principal. — Where a real-estate broker, employed to sell land, or to find a purchaser therefor, negotiates an exchange for other lands, his principal himself making the contract, these circumstances impose no legal duty upon the broker to ascertain correctly the facts which may affect the value of the lands received in exchange; and for misrepresentations made to his principal in good faith concerning the same he is not responsible, as for negligence, there being no claim of fraud.

Appeal by defendant from an order of the district court for Hennepin county, *Young,* J., presiding, refusing a new trial after verdict for plaintiffs directed by the court.

*J. M. Shaw* and *A. D. Polk,* for appellant.

*Wilson & Van Derlip,* for respondents.

Dickinson, J.   The complaint alleges the employment of the plaintiffs, who were real-estate agents and brokers, by the defendant to procure a purchaser for certain real property of the defendant, and that the latter agreed to pay for such service the sum of $800. This action is for the recovery of that stipulated compensation. The answer admits the agreement, and, in effect, admits that the plaintiffs procured a purchaser,—one Travis,—with whom the defendant entered into a contract for the exchange of the property for certain other real property, a part of which was designated as "Hawthorne Park," another part consisting of a tract of 109 acres in Hennepin county. The defence relied upon, as set forth in the answer, is, in substance, that the plaintiffs in the course of their employment represented, concerning the lands of Travis proposed to be exchanged for the defendant's land, that the Hawthorne Park property was situate within four and a half miles of the place in Minneapolis where the contract was made, and was worth $300 a lot; that the motor line had been surveyed and was about to be constructed near the premises, and would be in operation by a specified date; that the 109 acres of land was within eight miles of the place of the contract,

and was worth $100 an acre; that the defendant was ignorant of the nature, location, and value of the property, while the plaintiffs had many years been engaged in real-estate business at Minneapolis, and were familiar with the nature, location, and value of real estate in and about the city, and "should have known" the location and value of this property, as the defendant well knew; and therefore the defendant, believing and relying upon the representations, was induced to make the contract with Travis, as he otherwise would not have done. The incorrectness of these representations and the materiality of the same are set forth, and, upon the discovery of the facts, the contract made with Travis appears to have been abandoned. There is added the averment that in making these representations the plaintiffs did not perform their duty to the defendant, but were guilty of "gross misconduct and neglect of duty to him." An allegation charging the plaintiffs with fraud in the transaction was withdrawn upon the trial, and need not be particularly referred to. The general allegation, just referred to, of "gross misconduct and neglect of duty," refers to the facts previously stated, and adds nothing to them. It expresses the conclusion of the pleader from those facts. The plaintiffs having confessedly performed their undertaking to procure a purchaser of the defendant's land, any further facts relied upon to defeat a recovery of the stipulated compensation therefor must have been alleged in the answer. A general allegation of negligence, assuming that mere negligence would constitute a defence, would be insufficient. *Cummings* v. *Thompson,* 18 Minn. 228, (246.)

The facts averred are insufficient to show a culpable neglect of any duty which the plaintiffs owed to the defendant. No fraud or intent to deceive is alleged, and it must be assumed that the misrepresentations were made in good faith, in the absence of any averment to the contrary. It does not appear that the plaintiffs were employed to ascertain the facts which might affect the value of this property; nor is it to be necessarily inferred from what is alleged that this fell within the scope of their agency or duty. Nor was the evidence offered at the trial, the excluding of which is assigned as error, such as to show a defence; and, if it had been received, it could not have

affected the result. It is enough to justify the excluding of the evidence offered that neither the answer nor the proposed evidence were such as to show a duty resting upon the plaintiffs to ascertain the facts affecting the value of this property, or to verify their own understanding and opinion of the same before they should express them to the defendant. There being no claim of fraud, good faith being, in effect, conceded, the representations of the plaintiffs can only be regarded as having been the expression of their understanding as to the facts. For this they were not responsible, although they were misinformed or erred in judgment. While some of the reasons assigned by the court for excluding the evidence may have been insufficient, we think that the evidence was subject to the objections made, and that it was properly excluded.

Order affirmed.