## S. P. Tyrrell

*vs.*

## C. L. Jones.

An objection that a justice's summons is "served by leaving a copy," &c., and not "by reading," is waived by an appearance before such justice without raising such objection.

To authorize a justice to issue a summons to be served in a county adjoining that in which the justice resides, under ch. 79, Laws 1870, it is not necessary that either party to the action should be a resident of the county in which such summons is issued.

Ch. 79, Laws of 1870, applies to the city justice of Owatonna.

The parties having appeared before the justice at the time specified in the summons and without any objection to the time of appearance, the failure of the justice's docket to show when they appeared affects the regularity of the docket, but not the regularity of the justice's judgment.

A justice's docket is not required to contain the verification of the pleadings.

Appeal by defendant from a judgment of the district court for Steele county affirming the judgment of a justice of the peace.

The case is fully stated in the opinion of the court.

STACY & TYRER, for Appellant.

WHEELOCK & COGGSWELL, for Respondent.

*By the Court.*—BERRY, J.—This action was commenced before the city justice of Owatonna, from whose judgment an

Tyrrell v. Jones.

appeal was taken to the district court on questions of law alone. From the judgment of the district court affirming the judgment of the justice an appeal is taken to this court. The justice's summons was directed to the sheriff or any constable of said county, or an adjoining county. The sheriff's return shows that the summons was served upon the defendant in the county of Freeborn, "by leaving with him a true copy." As the statute provides that the summons shall be served by " reading the same to the defendant," it is said that there was *no legal service* in this case, and that the justice, therefore, acquired no jurisdiction over defendant's person.

The return of the justice contains the statement that " J. B. Searles, special counsel for the defendant, made a motion to dismiss the case, on the ground that the justice had no jurisdiction," and the claim is that *such* an appearance did not amount to a waiver of the defect of service. The motion to dismiss, however, was based *solely* upon the ground that upon certain facts shown by defendant's affidavit it appeared that this was not a case in which a justice's summons could be served upon a defendant in a county adjoining that in which the justice resided. Admitting, then, (and the admission is an indulgence to defendant) that the justice's return shows a special appearance for defendant, his neglect to make any objection to the *manner* in which he had been notified to appear, that is, to the service of the summons, was an acquiescence therein and a waiver of any objection which he might have made.

Defendant's second point (being that referred to in his motion aforesaid) is that the justice had no jurisdiction of the action, because, as was shown by his said affidavit, neither party was a resident of the county of Steele, in which the action was brought. This action was brought and the summons issued under ch. 79, Laws 1870, which provides, in

general terms, that in actions arising upon contracts the summons issued by a justice of the peace may be served on the defendant in any county adjoining the county in which such justice resides, and may be served by the sheriff or any constable of either county. This language of the statute is a sufficient answer to defendant's point : most of the arguments which he adduces in support of his point are for the legislature to consider.

There is nothing in the further point that ch. 79, *supra*, does not apply to the city justice of Owatonna, but only to ordinary justices of the peace, since by sec. 15, sub. 5, ch. 11, Sp. Laws 1865, it is enacted that the city justice of the city of Owatonna " shall possess all the authority, power and rights of justices of the peace of this state."

The future tense " *shall* possess," disposes of defendant's objection that as chapter 79 was passed in 1870, and *after* the act of 1865, the city justice did not take the power conferred by said chapter.

The objection that the justice's docket does not show when the parties appeared before him, is an objection to the regularity of the docket, (*See sec.* 7, *ch.* 65, *Gen. Stat.*) but does not affect the regularity of his judgment in this instance, not only because of the *fact* indicated by the papers in the case, and in the preliminary recitals of the judgment of the district court, that they appeared before him at the time specified in the summons, but because of the further fact that they appeared without any objection whatever in respect to the day or the hour of the day. It is difficult to perceive how the defendant could appear at all, specially or otherwise, without waiving an objection of this kind.

The remaining objection is that the complaint (if any there was) was not verified as required by section 29, chapter 65, Gen. St. By sec. 7, ch. 65, Gen. St. the. *docket* is required

Tyrrell v. Jones.

to contain, among other things, "a brief statement of the nature of the plaintiff's demand and the amount claimed," (as does the docket in this instance) but it is not required to contain the verification of the pleadings. And as the record brought up in this case, under express stipulation of parties, does not *purport* to contain any more of the proceedings than is necessary to a full understanding of the points and objections urged upon the motion which was made to dismiss for the reason that neither of the parties resided in Steele county, there is no ground whatever for supposing that the complaint was not in fact properly verified, simply because the record does not show it; while the judgment of the district court recites that the plaintiff " duly presented and established his cause of action" in the justice's court.

We conclude by saying, that we have not overlooked the fact (though we have not decided this case with reference to it) that with the single exception of the objection that neither party was a resident of Steele county, all of the defendant's objections to the judgment appear to be urged for the first time in this court. Under such circumstances, (although we have examined their merits) they are, of right, entitled to the least possible consideration.

Judgment affirmed.