# CITY OF ROCHESTER

## *vs.*

## H. B. UPMAN.

This was a prosecution before the city justice of the city of Rochester for selling spirituous and intoxicating liquor without a license in violation of a city ordinance. Defendant, having been convicted by the justice and fined, appealed to the district court upon questions of law alone, and the judgment having been affirmed, he appeals to this court from an order denying him a new trial. The warrant, upon which defendant was arrested and arraigned, was directed to the sheriff or any constable of Olmsted county, instead of to the marshal or any constable of said city, as required by the city charter. *Held*, that defendant's objection to such misdirection is too late, when interposed for the first time in this court. Like holding as to defendant's objection to an alleged uncertainty in the reference made in the warrant to the ordinance charged to have been violated.

Sec. 1 of the ordinance, under which this prosecution is instituted, provides "that no person shall be permitted to sell * * * any spirituous * * * or intoxicating liquor * * * within the city of Rochester without having first obtained * * * a license, &c." *Held*, that this section applies to druggists. *Held*, further, that such ordinance is not void as in restraint of trade.

Nor is the enforcing of payment of a license by defendant, as a condition of his doing business, a taking of private property for public use without compensation. The license is not imposed as a tax but as an incident of the exercise of police power.

Appeal by defendant from an order of the district court for

Olmsted county.   The case is fully stated in the opinion of the court.

HENRY C. BUTLER, for Appellant.

CHARLES M. START, for Respondent.

*By the Court.*—BERRY, J.—This was a prosecution before the city justice of the city of Rochester, for selling spirituous and intoxicating liquors, without a license, in violation of a city ordinance.   The defendant, having been convicted of the offense charged, and fined in the sum of one hundred dollars, appealed to the district court for Olmsted county, and the judgment of the city justice having been there affirmed, he appeals to this court from an order of said district court denying him a new trial.   The appeal to the district court appears to have been treated as an appeal upon questions of law alone, and to have been tried upon the return of the city justice by agreement of parties.

The warrant, upon which defendant was arrested and arraigned, was directed to the sheriff, or any constable, of Olmsted county, instead of to the marshal of the city, or any constable thereof, as required by *sec.* 5, *sub-ch.* 9, *ch.* 21, *Sp. Laws* 1867.   This was of course wrong; but the defendant, having been brought before the city justice upon the warrant, having gone to trial before the justice originally, and before the district court on appeal, without, so far as appears, making any objection to the misdirection, has most effectually waived this ground of objection to the process, and fully submitted himself to the jurisdiction assumed over his person.   See *Com. vs. Gregory,* 7 *Gray,* 498 ; *Com. vs. Henry,* 7 *Cush.* 512.

The defendant is also too late with whatever there is, (if

anything,) in his objection that the warrant "does not recite or refer to any ordinance alleged to have been violated."

The warrant recites the making upon oath of a complaint that the defendant did, within the corporate limits of the city of Rochester, " unlawfully sell, &c., spirituous and intoxicating liquors, &c., without first having obtained a license therefor from the city council of said city, contrary to the form of the ordinance and statute in such case made and provided."

If the reference to the ordinance is less certain than good criminal pleading would require, defendant should have objected to it before interposing his general plea of not guilty, and before going to trial. But, so far as appears, no fault is found with the warrant until the case reaches this court. There is enough in the warrant, at any rate, to show with what offense defendant is charged, and he seems to have met with no practical difficulty in understanding what he was accused of, or in making his defenses.

Defendant argues at some length that the ordinance is invalid as not conforming to the charter of the city of Rochester.

Without stopping to consider in detail the grounds of his objections, it is enough to say that, by the stipulation of the parties, the ordinance is made part of the evidence offered by plaintiff on the trial before the justice, and no objection appears to have been made to it or to its introduction; and besides it seems also to have been read in evidence by the defendant himself. As with reference to the warrant, so with reference to the ordinance, objection is for the first time made in this court, so far as we discover. An objection made under such circumstances is entitled to very little favor. We will only add that, so far as the ordinance, as it appears on the paper book, is involved in this case, we see no reason why it does not conform to the plaintiff's present charter. Whether

City of Rochester v. Upman.

the ordinance as originally passed was right or wrong is not important, as it seems to have been amended in some respect so that it is right now. As this is a criminal case we have considered the foregoing objections, although it does not appear that any of them were made below, or even in defendant's *original* brief in this court, but in a *supplemental* brief furnished since the filing of plaintiff's points and authorities.

We now come to examine the more substantial points made in defendant's original brief.

Section 1 of said ordinance declares, " that no person shall be permitted to sell    *    *    *    any spirituous    *    *    *    or intoxicating liquor of any kind within the city of Rochester, without having first obtained from the common council of said city a license for that purpose." Section 3 prescribes a penalty for a sale without license. It is not disputed that the sale, upon which this prosecution was based, was made within the limits of said city, without license, and by defendant through his servant. Defendant is a druggist, and he insists that the ordinance does not apply to a sale made by him, (as he claims that the sale in question was,) as such druggist.

The language of the ordinance, viz.: " that *no person* shall be permitted to sell," plainly embraces druggists equally with others. The provisions of *sec.* 2 of the ordinance, which require that the place where a license is used shall be kept in a quiet and orderly manner, and that no liquor shall be sold on Sunday at such place, &c., &c., are perhaps more appropriate to dram shops, as they are usually conducted, than to druggists' shops; but, as these provisions *may* apply to the latter, we think the fact that these and similar provisions are found in the ordinance would not justify the defendant's inference that the general language above quoted does not embrace druggists.

Secondly, defendant contends that, if the ordinance was

intended to apply to druggists, it is in restraint of trade, and therefore void.

It is a sufficient answer to this portion that, although it is to some extent in restraint of trade, the restraint is not arbitrary and for the sake of restraint, but is incident to the exercise of a police power, (*license cases*, 5 *Howard U. S.* 504,) and as it is authorized by a valid law, to-wit, the city charter, it cannot be unlawful or void. *City of St. Paul vs. Colter*, 12 *Minn.* 49.

*Section* 1, *ch.* 5 of said charter, (*ch.* 21 *Sp. Laws* 1867,) enacts that the common council shall have full power and authority to make and enforce " all such ordinances, rules and by-laws for the government and good order of the city, for the suppression of vice and intemperance, and for the prosecution of crime, as they may deem expedient," and "to declare and impose penalties and punishments, and to enforce the same against any person or persons who may violate any of the provisions of any ordinance, rule or by-law passed or ordained by them ; and all such ordinances, rules and by-laws are hereby declared to be and have the force of law, *provided* that they be not repugnant to the constitution and laws of the United States or of this State ; and for these purposes shall have authority by ordinances, resolutions or by-laws, *   *   * to grant licenses for vending  *   * spirituous  *   * liquors *   *   *, *provided* that the license for  *   * vending spirituous  *   * liquors shall not be less than seventy-five nor more than two hundred dollars per year ;  *   *   * and to restrain and prohibit any person from vending  *   *   * spirituous  * . * or intoxicating liquors of any kind, and impose such restrictions or prohibitions by fine or imprisonment or by both fine or imprisonment." The authority thus conferred upon the common council is certainly ample enough for this case.

City of Rochester v. Upman.

The objection that "to enforce payment of a license from the defendant, as a condition of his doing business, was an attempt to take private property for public use without compensation therefor," is not very formidable when it is considered that the licensing and the regulation of the dangerous traffic in intoxicating liquors is an almost universal mode of exercising the police power, and that, if any person does not desire to part with so much of his property as will purchase a license, he has only to abstain from the business. If he *voluntarily* pays the price of a license he cannot complain. If he sells without license and thereby subjects himself to the penalties prescribed, he can no more be said to be deprived of his property without compensation than can any other person who pays a fine as a penalty for violated law.

The further objection that the ordinance is unconstitutional, as imposing an unequal tax, is fully met by the consideration that the license is imposed, not as a tax, but as an incident, and, in the opinion of the law making authority here and elsewhere, a just and reasonable incident of the exercise of police power. *People vs. Mayor, N. Y. 7 Howard, Pr. Rep.* 81.

As the defendant appears to have violated the ordinance in question, we are unable to see any special force beyond what is contained in the positions above considered, in the last point upon defendant's brief, viz.: that he was not guilty of any offense, as he was *only selling merchandize.* The defendant in his supplemental brief makes another point which we had almost overlooked, viz.: that plaintiff introduced no evidence to show that defendant had not a license. Whether the burden of proof as to the existence of the license was on plaintiff or defendant, we will not stop to consider. (*But see* 1 *Greenl. Ev.,* 12*th Ed.,* § 79 *and notes;* 3 *ib.,* 8*th Ed.,* § 24 *and notes.*)   However this may be, as the objection

does not appear to have been raised below, and as it does appear that the defendant himself, claiming to be a druggist, offered to prove that no license had been issued to *any* druggist in the city of Rochester, thereby admitting in court that he had none, the objection is of no avail.

Order denying new trial affirmed.