VINCENT STEINHART

*vs.*

FRANCIS W. PITCHER.

If A have been guilty of a wrongful act or omission which would render him liable in damages to B, and he promises to pay B a sum of money as compensation, this is a mere gratuitous promise unless it be made in consideration of B's releasing his right of action for such damages.

In an action brought to recover the amount found due upon an accounting for work and labor, an answer setting up a cause of action *ex delicto* against the plaintiff for damages does not constitute a counter-claim.

Sundry objections made for the first time in this court to the jurisdiction of a justice of the peace, and to the proceedings had before him waived by appearing, pleading and going to trial on the merits in the action.

Plaintiff brought this action in a justice's court in Olmsted county, to recover a balance alleged to be due him for services as a farm laborer. The defendant appeared in the action, and filed his answer admitting, substantially, the allegations of the

Steinhart v. Pitcher.

complaint: but for a "second answer" interposed a claim founded on the alleged promise of the plaintiff to pay for defendant's horse, which he had wrongfully killed, such sum as the horse was reasonably worth.  Plaintiff replied, denying the promise and the facts constituting the alleged consideration for such promise.  A trial was had and judgment rendered for the plaintiff for the amount claimed, with costs.  Defendant appealed therefrom to the district court.  Upon the trial in the district court, on motion of plaintiff, the second answer of the defendant was stricken out as not constituting a counterclaim, and judgment was rendered in favor of the plaintiff, upon the pleadings ; from which judgment defendant appeals to this court.  Sundry objections are raised, *for the first time,* in this court to the jurisdiction of the justice, and to the regularity of the proceedings before him, although the return to the district court fully disclosed the proceedings before the justice upon which these objections are founded.

The objections sufficiently appear in the opinion.

CHARLES C. WILLSON, for Appellant.

HENRY C. BUTLER, for Respondent.

*By the Court.*—RIPLEY, CH. J.—The defendant's "second answer" states a wrongful act on the part of plaintiff which would render him liable in damages to the defendant.  Conceding that it also states a promise by the plaintiff to pay the defendant in compensation therefor, on demand, what the horse was reasonably worth, such promise nevertheless appears to have been without consideration, for it cannot be gathered from the answer that the defendant released or agreed to release his right of action for such damages.

If A have been guilty of a wrongful act or omission which

would render him liable in damages to B, and he promises to pay B a sum of money as compensation, this is a mere gratuitous promise unless it be made in consideration of B's releasing his right of action for such damages. *Chitty on Contracts, 8th American Ed. by Perkins, p.* 54 ; *Smart v. Chell,* 7 *Dowl.* 781, 786.

The answer, therefore, only states the defendant to have a good cause of action *ex delicto* against the plaintiff for damages. This is not a counter-claim in this action. *Gen. Stat., ch.* 66, *s.* 80, *par.* 2.

As to the proceedings in the justice's court to which the defendant now for the first time takes exception, none of the matters to which he directs attention go to the jurisdiction. Supposing that the city marshal was not authorized to serve the summons, the defendant nevertheless appeared and went to trial on the merits without objection. This was a waiver and the justice acquired jurisdiction of the defendant. *Gen. Stat., ch.* 65, *s.* 8 ; *Rahilly v. Lane et al.,* 15 *Minn.* 447 ; *Lawrence v. Bassett,* 5 *Allen,* 140 ; *Low v. Stringham,* 14 *Wis.* 222 ; *Tyrrell v. Jones,* 18 *Minn.* 312 ; *Rochester v. Upman,* 19 *Minn.* 108 ; *Conger v. Chi. & Gu. R. R. Co.,* 17 *Wis. p.* 485.

The defendant makes the point, on the authority of *Roberts v. Warren,* 3 *Wis.* 736, and *Brown v. Kellogg,* 17 *Wis* 475, that the justice lost jurisdiction of the cause by omitting to enter the place of adjournment in his docket. The case of *Brown vs. Kellogg,* at least, certainly so holds. "It is such entry, as well as the public announcement, which constitute the adjournment, and unless it be made the justice loses jurisdiction." We do not concur in this view of the matter. We are unable to see how, if he had jurisdiction of the parties and subject matter, he could lose it by any neglect to keep his docket in the manner prescribed by statute.

Supposing, however, that the decisions of the Wisconsin

Steinhart v. Pitcher.

court are to be followed on this point, we see no reason why we should not also hold with that court, that whatever might be the effect of a failure on the part of the justice to state the place of adjournment in his docket, the defendant who appeared at the time to which such adjournment was· made, and went to trial on the merits, cannot thereafter take advantage of the defect. *Keon vs. Kaines*, 17 *Wis.* 461. So where a justice adjourned a cause for ten days, where the statute allowed an adjournment for six only, but defendant appeared on the day of adjournment and cross-examined plaintiff's witness, this cured the irregularity.

" It would be unjust and extraordinary," say the court, " to reverse a judgment after a trial on the merits, by listening to an objection which the party had himself cured by his voluntary appearance." *Dunham vs. Hayden*, 7 *Johnson*, 381.

So, of the entry that " the court takes time until December 7th at 4 o'clock P. M. to render judgment;" supposing, that is, (as to which, however, it is not necessary to give an opinion,) that the justice, under *Gen. Stat.*, *ch.* 65, was bound to enter this matter in his docket as an adjournment under *s.* 7, *sub.* 5.

So, the failure, if there was one, to enter in his docket the officer's return, and a statement of the plaintiff's demand, and defendant's set-off, were mere irregularities, the pleadings being written. As to all such the remark applies here, that whatever might have been the weight of defendant's objections had they been made in time, they must be disregarded now. *Taylor v. Parker*, 17 *Minn.* 471.

The judgment appealed from is affirmed.