TURNER & GREGGS, Plaintiffs in Error, *vs.* JOHN HOLLERAN,
Defendant in Error.

#### ERROR TO THE DISTRICT COURT OF SCOTT COUNTY.

In an action for injuries to real estate, where the Plaintiff claimed damages in a sum exceeding
one hundred dollars, a justice of the peace would not have jurisdiction.

If such action is commenced in the district court, and the Plaintiff recovers, he is not entitled to
costs or disbursements, under chapter 62 of the Compiled Statutes, unless they are allowed by the
court, as provided by section five of said chapter.

Such allowance is in the discretion of the court and will not be reviewed on appeal or writ of
error, save where such discretion is abused.

An affirmance by the judge of the taxation made by the clerk, and inserting the amount so
taxed in the entry of judgment amounts to an exercise of this discretion and an allowance to the
Plaintiff of his charges and disbursements.

### Points and Authorities of Plaintiffs in Error.

The Plaintiffs in Error will, upon the argument of this
cause, rely upon the following authorities, to wit: *Compiled*

*Stats.,* *chap.* 59, *secs.* 5 *&* 6; *also* *chap.* 62, *secs.* 2 *&* 4; 2 *Minn. R.,* 67; 12 *How. P. R.,* 446; *Ib.* 15, 216; *Ib.* 14, 327; 15 *How. P. R.* 281.

Points and authorities of Defendant in Error.

I.—The action is not one that might have been prosecuted in a justice's court.

1. Because a claim of title to real estate arises on the pleadings. *Case, folios* 1, 4, 7 8, 10.

The term *title* embraces the right of possession, and every-thing except the bare fact of possession. 6 *Hill,* 537; 1 *Duer,* 610; 8 *Prac. Rep.,* 133; 1 *John. R.* 146; 6 *Wend.,* 539.

2. Because the action is brought to abate a private nui_sance of which a justice court has not jurisdiction. *Sec.* 5, *p.* 498, *Comp. Stat.* Plaintiff having succeeded by a general verdict, is entitled to costs of course.

L. M. BROWN, Counsel for Plaintiffs in Error.

HENRY HINDS, Counsel for Defendant in Error.

*By the Court.*—EMMETT, C. J.—This action was brought by the Plaintiff below to recover damages for overflowing his lands by means of a dam erected by the Defendants. He also alleged that the dam was a nuisance, and asked that it be so adjudged, and that it be abated. Special damage to the land was laid at $600, and the further sum of $200 was claimed as damages for interfering with the business for which said land was used, etc. Judgment was demanded upon the whole complaint in the sum of $3,000. The answer denied each and every allegation of the complaint.

On the trial the jury found generally for the Plaintiff, as-sessing the damages at $12 ; and final judgment was entered therefor, together with the further sum of $23 16, as the Plain_tiffs' costs and disbursements in the action. The bill for these disbursements was taxed by the clerk, from which taxation the Defendants appealed to the District Judge, who affirmed

the action of the clerk, and they then sued out a writ of error to this court.

The whole controversy here is in regard to these costs or disbursements, and may be summed up in this single question : Can a Plaintiff, in an action such as this, who brings his action in the District Court, and claims damages in a sum exceeding one hundred dollars, recover his charges or disbursements, when he recovers a judgment for less than fifty dollars ?

The Defendants insist that he cannot, because they claim in the first place that a justice of the peace would have had jurisdiction of this action, and if so, the statute expressly denies a Plaintiff his costs and disbursements.    They refer us to *Comp. Stat.*, 498, *secs. 5 & 6*, and also to *sections* 2 & 4, *p.* 577, but we do not think, upon examination, that the statutes referred to sustain the proposition.    The latter merely declares, that in an action commenced in the District Court, costs shall not be allowed the Plaintiff, if a justice of the peace would have had jurisdiction ; while, of the former, which enumerates the actions and proceedings of which a justice has jurisdiction, the only portion having any applicability to the question is subdivision two of *section five*, which is in these words :

" 2. Of an action for damages for an injury to the person, *or to real property*, or for taking, detaining or injuring personal property, if the damages *claimed* do not exceed one hundred dollars."

It will be seen by this that the jurisdiction of the justice in such actions as are therein mentioned, of which this is one, depends not upon the amount of damages which the Plaintiff may recover, but entirely upon the amount which he may see proper to *claim*.    The mere claim of more than one hundred dollars damages being sufficient to oust him of jurisdiction.    We cannot see, therefore, how a justice could have entertained jurisdiction in this case where the general damages claimed are $3,000, while the special damages laid amount to $800 of that sum.

It is further insisted, however, that as the Plaintiff recovered less than fifty dollars, he is deprived of his costs and dis-

bursements by *chapter* 62 *of the Compiled Statutes*, as will appear by *secs.* 2 *&* 4.

This is the chapter relating to statutory costs, and to the disbursements and charges in civil actions. The costs therein provided for are no longer allowed, but the disbursements or charges remain, and are taxed and included in the entry of judgment as before. *Stat.* 1860, *p.* 244. These disbursements followed the costs ; consequently we must first ascertain when costs were allowable. *Sections* 2, 4 & 5 are all that pertain directly to this question. They are as follows :

" *Sec.* 2. Costs are allowed of course to the Plaintiff upon a judgment in his favor in the following cases.

" 1. In an action for the recovery of real property, or when a claim of title to real property arises on the pleadings, or is certified to by the Court to have come in question at the trial.

" 2. In an action to recover the possession of personal property.

" 3. In the actions of which a justice's court has not jurisdiction.

" 4. In an action for the recovery of money, where the Plaintiff recovers one hundred dollars or more ; but in an action for assault, battery, false imprisonment, libel, slander, malicious prosecution, criminal conversation or seduction, if the Plaintiff recovers less than fifty dollars damages, he can recover no more costs and charges than damages. And in an action to recover the possession of personal property, if the Plaintiff recover less than fifty dollars damages, he can recover no more costs and charges than damages, unless he recover also property, the value of which, with the damages, amounts to fifty dollars. Such value must be determined by the jury, court or referee, by whom the action is tried."

*Sec.* 4. " Costs are allowed of course to the Defendant, upon a judgment in his favor, in an action for the recovery of money only, or where the Plaintiff recovers less than fifty dollars in such action ; and also upon a judgment in his favor in the other actions mentioned in section two."

" *Sec.* 5. In other actions costs may be allowed or not ; and,

if allowed, may be apportioned between the parties in the same or adverse sides, *in the discretion of the Court.* When there are several defendants not united in interest, and making separate defences by separate answers, and the Plaintiff fails to recover judgment against all, the Court may award costs to such of the Defendants as have judgment in their favor, or any of them ; and in the following cases the costs of an appeal are in the discretion of the Court :

" 1. Where a new trial is ordered."

" 2. Where a judgment is modified."

An examination of these sections will satisfy any one that this is not a case in which the Plaintiff would have been entitled to costs under said section two, because such an action (for injury to real property, and to abate a private nuisance or both,) is therein provided for. It is equally clear also that the Defendants could not have recovered their costs under the provisions of said section four ; for they neither obtained a judgment in their favor, nor is the action one " for the recovery of money only," within the meaning of this chapter. Where then must we look for a solution of the difficulty ? Doubtless to said section five, wherein provision is made for costs in all " other actions " than those specified in sections two and four. Under this section the Court would have been authorized to allow costs or not in this action to either party in its discretion ; and the disbursements, as before observed, would have followed the costs, by virtue of section 9 of said chapter. But when so allowed, the action of the Court on that question would not be reviewable on appeal or writ of error, unless there had been a clear abuse of discretion.

We are clearly of opinion that the Court had the right to award the Plaintiff his disbursements and charges, under the provisions of section five ; and we regard the action of the Court in affirming the taxation of the clerk, and inserting the amount so taxed in the entry of judgment, as an exercise of the discretion conferred by the section, and as an allowance to the Plaintiff of his charges and disbursements.

Judgment affirmed.