PETER WOLFORD *vs.* TIMOTHY A. BOWEN *et al.*

Argued May 8, 1894. Affirmed May 14, 1894.

No. 8769.

**A promissory note construed to be joint and several.**

Where one of the makers of a promissory note signs it on its face, and by its terms he in the singular form promises to pay the amount of the note, and before delivery the other makers sign it on the back of it, *held*, the note is joint and several as to all the defendants. *Held*, further, the holder of such a note may treat it as several.

**Several judgments entered and afterwards sanctioned by the court.**

Where the payee of such a note brought suit on it against all of the makers, and obtained personal service of the summons on all of them, and after the time to answer expired as to all of them, and they were all in default for want of an answer, he entered judgment by default against the maker who signed the note on its face and one who signed it on the back of it, and seventeen months afterwards, by leave of court given *ex parte*, he entered up another judgment against another defendant, who signed the note on the back of it, and the court afterwards denied the motion of this defendant to set aside this second judgment, *held* that, if the plaintiff did not have an absolute right under 1878 G. S. ch. 66, § 67, to enter such separate judgments against different defendants, he had a right to do so by obtaining leave of the court, as provided in section 265 of said chapter, and his failure to obtain such leave before entering the first judgment was cured by the subsequent orders of the court.

**Payment after service and before judgment credited on the execution.**

Where, between the time said defendant was in default for want of an answer and the entry of judgment against him, another defendant made a payment on the note, but in the entry of judgment no credit was allowed for the same, but when execution was issued thereon the amount so paid was credited on the execution, and the defendant afterwards made a motion to set the judgment aside, *held*, the defendant not being deprived of any substantial right, the irregularity in the entry of judgment was one which the court in its discretion had a right to disregard, and it was not error to deny the motion.

Appeal by R. P. Russell, one of the defendants, from an order of the District Court of Hennepin County, *Charles M. Pond*, J., made

October 25, 1893, denying his motion to vacate a judgment entered against him January 6, 1893, for $5,413.70.

On July 2, 1889, Timothy A. Bowen borrowed of the plaintiff, Peter Wolford, $4,000, and gave him his several note for that sum with interest at ten per cent a year due six months thereafter. Prior to its delivery the defendants, J. E. Thwing, Mary A. Thwing, his wife, and R. P. Russell, to give it credit wrote their names across its back and afterwards waived presentation demand, protest and notice. The note was not paid and on June 15, 1891, plaintiff commenced this action thereon against the four parties as joint and several makers thereof. All were personally served and all made default and on July 23, 1891, Mary A. Thwing paid plaintiff on the note $807.63. On July 30, 1891, judgment was at Russell's instance entered against Timothy A. Bowen and J. E. Thwing only for $4,838.72. Execution was issued thereon and delivered to the sheriff, but was returned August 29, 1891, wholly unsatisfied. Russell then assigned to plaintiff a mortgage for $4,000 as collateral security for the debt. On January 6, 1893, plaintiff applied to the court *ex parte* without notice to Russell and obtained an order that he be allowed to enter another judgment in this action against Russell for the amount claimed in the summons. On the same day such second judgment was entered against Russell alone for $5,413.70. Execution was issued on this judgment and the $807.63 indorsed upon it as a payment. Russell was notified soon after of the entry of this judgment but made no objection until October 23, 1893, when he moved the court on notice to set aside this last judgment on the ground of irregularity and because it was in excess of the amount due and because of the former judgment. The court denied the application and he appeals from the order.

*Harrison & Noyes,* for appellant.

All the defendants were makers of the note. None were indorsers. *Stein* v. *Passmore,* 25 Minn. 256; *Wager* v. *Brooks,* 37 Minn. 392; *Peckham* v. *Gilman,* 7 Minn. 355.

They were joint makers and not several. *Brady* v. *Reynolds,* 13 Cal. 32; *Wallace* v. *Goold,* 91 Ill. 15; *Collins* v. *Trist,* 20 La. An. 348; *Marienthal* v. *Taylor,* 2 Minn. 147.

Plaintiff's cause of action was merged in the first judgment and the second is void and should have been vacated and stricken out of the roll. *Lauer* v. *Bandow,* 48 Wis. 638; *Reynolds* v. *Pittsburgh, C. & St. L. Ry. Co.,* 29 Ohio St. 602; *Bowen* v. *Hastings,* 47 Wis. 232; *Kennard* v. *Carter,* 64 Ind. 31.

*Boardman & Boutelle,* for respondent.

No copy of the note appears in the return to this court. As it was signed on the face by Bowen only it is presumed to read, "I promise to pay, &c." The trial court held the note to be joint and several. If this were doubtful why did not appellant put a copy of the note into the record so that he could review that question. All the parties must be deemed joint and several makers. *Good* v. *Martin,* 95 U. S. 90; *Union Bank* v. *Willis,* 8 Met. 504; *Riley* v. *Gerrish,* 9 Cush. 104; *Coleman* v. *Parker,* 11 Gray, 335.

Under 1878 G. S. ch. 66, § 67, subd. 3, plaintiff having joined in one action parties severally liable, may take judgment against one without losing the right to proceed in the action against the others. Pomeroy Remedies, § 408.

The motion was not made with due diligence, and relief will be denied for laches. *Altmann* v. *Gabriel,* 28 Minn. 132.

CANTY, J. Plaintiff, in June, 1891, brought this action on a promissory note, alleging in his complaint that defendant Bowen made and delivered said note to plaintiff, thereby promising to pay plaintiff or order the sum of $4,000, and that prior to the delivery of the note, and for the purpose of giving it credit, the defendants Mary A. Thwing, J. E. Thwing, and R. P. Russell duly indorsed their names on the back thereof.

The summons was then duly and personally served on all of the defendants, but none of them answered, and after the time to answer expired as to all of defendants, and when they were all in default for want of an answer, on July 30, 1891, on motion of plaintiff, judgment by default was entered against the defendants Bowen and J. E. Thwing, but not against defendants Russell or Mary E. Thwing. Prior to this, on July 23, 1891, Mary E. Thwing paid $807, and, nearly a year and one-half after the entry of this judgment, plaintiff, on an *ex parte* order of the court giving him

leave to do so, entered a second judgment against Russell alone for the whole amount of the original debt, interest, and costs, issued execution thereon, and credited the amount paid by Mary E. Thwing on the execution. Thereafter, on October 21, 1883, defendant Russell moved to set aside said judgment, on the grounds hereinafter discussed and on other grounds. The motion was denied, and he appeals.

It is urged by appellant that the obligation of the defendants, as makers of the note in suit, was joint, and that the cause of action was merged in the first judgment, whether it was against all or only a part of the joint debtors, and that no second judgment could be entered against Russell.

We are of the opinion that the original obligation of the makers of the note was both joint and several. It is well settled that a note which reads, "I promise to pay," signed by several makers, is joint and several. It is fairly to be understood from the complaint in this case that the promise in the note is in form in the singular,—the promise of Bowen alone. It is held that the other makers who signed their names on the back before delivery also signed this promise in the singular form. The principle is just the same,—the note is both joint and several. It is not necessary to decide whether or not the joint and several nature of the obligation of makers thus placing their names on the back of a note may also be put on the ground stated in *Riley* v. *Gerrish*, 9 Cush. 104, that the holder of the note may fill up the blank so as to charge such an indorser as a joint and several promisor. Whether we put it on one or the other of these two grounds, the note in question is joint and several. If a contract is both joint and several, the obligee may treat it as several.

1878 G. S. ch. 66, § 67, subd. 3, provides "Although all the defendants have been served with the summons, judgment may be taken against any of them severally, when the plaintiff would be entitled to judgment against such defendants if the action had been against them alone."

It is true that section 265 of the same chapter reads as follows: "In an action against several defendants the court may in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment

is proper." Even if it should be held that the former section is controlled by the latter, and that the court should have ordered a separate judgment against the defendants Bowen and J. E. Thwing, reserving the right to afterwards enter judgment against Russell, which we do not decide, still the failure to get such an order would be a mere irregularity, which the court in its discretion could cure and did cure by its subsequent order giving leave to enter judgment against Russell, and its subsequent order refusing to set this judgment aside. See *Turner* v. *Holleran,* 8 Minn. 451 (Gil. 401).

The same may be said as to the irregularity of entering judgment against Russell for the whole sum originally due, and interest, and crediting on the execution the amount paid by Mary E. Thwing. It was in the discretion of the court below to order or hold that this irregularity in the entry of the judgment was cured by the credit on the execution, as no substantial rights were there involved, and the order denying the motion to set aside the judgment had the effect so to order or hold.

These are all the points raised by appellant's assignments of error, and the judgment appealed from should be affirmed. So ordered.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 195.)